UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:23-cv-24259

AMERISTAR AIR CARGO, INC.,
a foreign corporation,

    *Plaintiff*,

v.

TRIAD AERO SALES, CORP.,
a Florida Profit Corporation,

    *Defendant*.
_____/

## **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN CASE**

Defendant, Triad Aero Sales, Corp. ("Triad" or "Defendant"), by and through undersigned counsel, hereby files its Opposition to *Plaintiff's Motion to Reopen Case* (hereinafter referred to as *"Plaintiff's Motion to Reopen)*, and in support states as follows:

### **PROCEDURAL HISTORY**

1. On May 8, 2023, Ameristar Air Cargo, Inc. ("Plaintiff") initially filed the breach of contract against Triad in Dallas County's 193rd District Court. However, the Court dismissed Plaintiff's action on September 19, 2023, due to lack of personal jurisdiction over Triad.

2. On November 7, 2023, Plaintiff reinitiated its action for breach of contract against Triad in this Court, alleging diversity jurisdiction, and included an additional claim for Fraudulent Inducement. [ECF No. 1].

3. On the same day, this Court dismissed Plaintiff's Complaint without prejudice, finding it to be an improper "shotgun pleading", filled with deficiencies, and uncompliant with Federal Rules of Civil Procedure 8(a)(2) and 10(b).[1]

---

[1] *See* ECF No. 5 for a copy of the order dismissing complaint.

4. On November 10, 2023, Plaintiff filed an Amended Complaint.[2]

5. On August 9, 2023, the parties engaged in mediation and agreed to continue the mediation process at a later date. This continuation was intended to allow Triad to provide documentation to the Plaintiff as part of a good-faith effort to achieve a settlement resolution.[3]

6. On August 15, 2024, due to Triad's need to complete a review of 4,448 Bates-stamped documents produced by Plaintiff during discovery, the parties jointly filed a Motion for Extension of Time to Comply with Pre-Trial Scheduling Deadlines.[4]

7. Also, on August 15, 2024, Plaintiff served a subpoena *duces tecum* on a non-party, disregarding the agreement to prioritize settlement efforts.[5]

8. Notably, Plaintiff's counsel agreed to include only the following 3 remaining deadlines from the Court's Scheduling Order [ECF No. 16] in the Joint Motion for Extension of Time:

   a. Filing pre-trial motions and Daubert Motions;

   b. Submitting joint pre-trial stipulation, proposed jury instruction, and verdict form, or proposed finding of facts and conclusions of law, as applicable, and motions *in limine*; and

   c. Submitting a notice of consent for trial and final disposition to be referred to Magistrate Judge Reid.

---

[2] *See* ECF No. 6 for a copy of the Amended Complaint.
[3] Documents unrelated to discovery requests.
[4] *See* ECF No. 33, for a copy of the Joint Motion for Extension of Time.
[5] Per the Court's latest Scheduling Order [ECF No. 16], all discovery would need to be completed by August 5, 2024.

9. At that time, Plaintiff did not raise any concerns regarding the deadlines that had already passed, including the discovery completion deadline (Aug. 5, 2024) and the deadline to file motions to amend pleadings or joint parties (February 20, 2024).[6]

10. On August 16, 2024, the Court entered an Order Administratively Closing the Case ("**ORDER**"),[7] specifically directing the parties as follows:

> 1. The above-styled action is administratively **CLOSED** without prejudice to the parties to conduct further mediation, engage in additional document review, and file a stipulation for dismissal within **ninety (90) days** of the date of this Order.
>
> 2. If the parties fail to reach a settlement, after completing the outstanding discovery, either party may request the Court to reopen the case; any such motion must be accompanied by a proposed joint scheduling report.

11. According to the Court's ORDER (ECF No. 34), the parties were required to file **<u>no later than November 14, 2024</u>**, either a stipulation of dismissal <u>or a **Motion requesting the Court to reopen the case accompanied by a proposed joint scheduling report**</u>.

12. On or about September 11, 2024, when settlement discussions reached an impasse, the undersigned counsel promptly notified Plaintiff's counsel of the intent to file a motion to reopen the case and inquired whether Plaintiff's counsel wished to join the motion.

13. To comply with the ORDER (ECF No. 34), the undersigned counsel sent Plaintiff's counsel a draft of the Motion to Reopen and a proposed joint scheduling report, as the ORDER required any motion to reopen the case to include a proposed joint scheduling report.

---

[6] *See* ECF No. 16 for a complete copy of the Court's Scheduling Order.
[7] *See* ECF No. 34.

14. Rather than cooperating to reopen the case, Plaintiff chose to pursue documents from a non-party, despite the discovery deadline having passed, and in blatant disregard of the Court's Order setting the deadline to act by November 14, 2024.

15. On **October 3, 2024,** Triad's counsel notified Plaintiff's counsel of its intent to reopen the case and set the matter for trial (*See* **Exhibit 1**).

16. As Plaintiff's counsel had shown no interest in pursuing or prosecuting the matter then, on October 21, 2024, Triad's counsel took the initiative to draft and share a motion to reopen the case along with a proposed scheduling report. (See **Composite Exhibit 2**). After sharing the first draft, Plaintiff's counsel delayed providing a substantive response to Triad's intent to reopen the case.

17. Even though Plaintiff's counsel replied with its revisions to Triad's proposed joint scheduling report on October 23, 2024,[8] the revisions contained unclear information, including outdated 2023 deadlines, and unilaterally proposed deadlines that had already passed at the time the Court issued its ORDER. These included deadlines for completing discovery and filing motions to amend pleadings or join parties.[9] The Plaintiff's counsel also stated:

> However, it appears to be premature to ask the Court to reopen the case at this point. The Court's Order Administratively Closing the Case said that "If the parties fail to reach a settlement, after completing the outstanding discovery, either party may request the Court to reopen the case…" As you know, we have some outstanding discovery to complete. Ms. Medina's deposition is scheduled for November 21, Ms. Muth's deposition still needs to be rescheduled (we provided dates yesterday), and we will have a hearing in the coming weeks to resolve the COS subpoena discovery dispute.

18. The series of events outlined above demonstrate that Plaintiff's counsel deliberately delayed responding to Triad's expressed intent to reopen the case, starting in late September 2024, or no later than October 3, 2024, at the latest. (*See* Exhibit 1). The fact that there was no subsequent

---
[8] Composite Exhibit 2.
[9] *See* ECF No. 16 for a review of the original deadlines for these events.

4

motion ever made by Plaintiff, justifies that this lawsuit should be duly dismissed for plaintiff's failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).

19. Triad's counsel conferred via telephone with Plaintiff's counsel on September 3, October 28, and November 12, 2024, and via email, to address several matters. These discussions included but were not limited to, the status of filing a Motion to Reopen and Plaintiff's position on Triad's proposed scheduling order, which was required to be attached to a motion to reopen the case no later than Nov. 14, 2024.

20. **<u>Even though Plaintiff's counsel declared an impasse as early as September 6, 2024, Plaintiff's counsel neither sought nor requested an extension</u>** of the Court-imposed 90-day deadline set forth in the ORDER, which required action in the case no later than November 14, 2024.

21. Although the Court's earlier order (ECF No. 46) indicates that the Court is inclined to agree that Plaintiff's failure to move to reopen the case after the parties failed to settle and continue with discovery satisfies Federal Rule of Civil Procedure 60(b)(1), Triad respectfully disagrees. The documents provided to Plaintiff's counsel for settlement purposes were shared by Triad as early as August 12, 2024. Furthermore, Plaintiff declared an impasse as early as September 6, 2024, and therefore had at least 69 days to file a motion to reopen but failed to do so, further highlighting a lack of inadvertence.

22. As shown in ¶ 17 above, Plaintiff's counsel characterized the filing of a Motion to Reopen the Case as "premature." This demonstrates that their decision not to file the motion was made knowingly and intentionally rather than as a result of "mistake, inadvertence, or excusable neglect" under Federal Rule of Civil Procedure 60(b)(1).

23. Furthermore, during a telephone conference between the parties' counsel on November 12, 2024, Plaintiff indicated an intent to amend their complaint to address factually

5

incorrect allegations. This was despite the fact that the deadline to amend pleadings had expired on February 20, 2024.[10] Specifically, Plaintiff sought to amend the allegation that the airplane was not in operation—an assertion contradicted by Ameristar's corporate representative during their deposition on August 6, 2024; a fact that Plaintiff knew or should have known this fact prior to filing both the original lawsuit and the first amended complaint.

24. On November 12, 2024, Triad's counsel followed up with Plaintiff's counsel regarding the proposed scheduling report. Triad opposed to Plaintiff's inclusion of events and deadlines from the Court's Scheduling Order (ECF NO. 16) that had already expired at the time the Court issued its ORDER administratively closing the case. These deadlines included but were not limited to, those for filing motions to amend pleadings, joining parties, and completing discovery.[11]

25. On November 15, 2024, this Court entered an Order dismissing the case without prejudice due to the parties' failure to file a Motion to Reopen before the November 14, 2024, deadline. [See ECF No. 44] (the "November 15th Order").

26. In disregard of the Court's ORDER and the Court's dismissal of the case, Plaintiff filed an untimely Motion to Reopen, alleging "inadvertence" under Fed. R. Civ. P. 60(b)(1), on November 18, 2024—two days after the case was dismissed and four days past the deadline to file such a motion. Moreover, Plaintiff's Motion to Reopen was submitted without the required Proposed Joint Scheduling Report, as mandated by the Court's ORDER, and without making reasonable efforts to timely address Triad's drafts of a motion to reopen and a proposed scheduling report.[12]

---

[10] *See* ECF No. 16 for a complete copy of the Court's Scheduling Order and deadlines.
[11] Refer to **Exhibit 3** for a copy of Triad's initial draft of the scheduling report e-mailed to Plaintiff's counsel in October 2024, which was never agreed to by Plaintiff's counsel.
[12] *See* Exhibit 1, Composite Exhibit 2, and Exhibit 3.

6

27. Notably, the Court's ORDER (ECF No. 34) explicitly required any Motion to Reopen to include a Proposed Joint Scheduling Report agreed upon by the parties. Plaintiff's Motion to Reopen, however, fails to include such a report and, as a result, should be stricken for noncompliance with the Court's clear directive and for being untimely filed.

28. Furthermore, in its Motion to Reopen, Plaintiff misrepresents to this Court that Plaintiff's failure to file a motion to reopen the case was due to "inadvertence." (*See* ¶¶ 5, 9 on ECF No. 45).

29. On November 19, 2024, this Court initially granted Plaintiff's Motion to Reopen, accepting inadvertence as grounds for relief from its dismissal, pursuant to Federal Rule of Civil Procedure 60(b)(1). [*See* ECF No. 46].

30. However, on November 20, 2024, after reviewing Triad's Motion for Reconsideration [ECF No. 48], this Court set aside its November 19, 2024, order to provide Triad time to respond to Plaintiff's Motion to Reopen.

31. As part of Triad's Opposition, it is important for the Court to note that, as of March 18, 2024, Triad has notified Plaintiff that their claims are fundamentally flawed for the following reasons:

   a. <u>Statute of Frauds:</u> Plaintiff's breach of contract claim is barred by the statute of frauds, which requires that a contract for the sale of goods priced at $500 or more be in writing, sufficiently indicate a contract for sale, and be signed by the party against whom enforcement is sought. See F.S. §672.201(1). As evidenced in ECF No. 6, the Amended Complaint fails to include any attached written agreement between the parties. Furthermore, the exception under F.S. §672.201(3)(a) does not apply because the goods were not specially manufactured. Instead, they were old gears to be overhauled, which were being scrapped due to their age and scarcity.

7

b. <u>Lack of Standing and Damages:</u> Plaintiff knew or should have known before filing this lawsuit that the gears ordered were for inventory purposes and that none of Plaintiff's aircraft were rendered inoperable due to the canceled purchase order. Consequently, the Plaintiff lacks standing and cannot lawfully claim damages. Reopening this case to amend misrepresentations in the complaint, including removing false claims of lost profit and allegations of inoperable aircraft, would be futile, as the deadline to amend pleadings expired in February 2024.

32. Furthermore, he Court should also consider striking Plaintiff's Motion to reopen for the following reasons:

   a. <u>Failure to Comply with Court-Imposed Deadlines</u>: Despite participating in multiple conferrals with Triad, where Triad's counsel advised Plaintiff's counsel of the need for a joint proposed scheduling report to be attached to a Motion to Reopen, Plaintiff deliberately failed to comply with the Court's ORDER, did not move for an enlargement of time, and did not seek leave to file an untimely Motion to Reopen.

   b. <u>Noncompliance with the Court's ORDER</u>: Plaintiff's Motion to Reopen, which was filed untimely and without leave of court, still fails to meet the Court's ORDER requiring any Motion to Reopen to include a proposed scheduling report.

   c. <u>Failure to Meet Local Rule Requirements</u>: Plaintiff failed to comply with S.D. Fla. Local Rule 7.1(a)(2) regarding the certificate of conferral and deliberately delayed engaging with Triad's counsel to address issues concerning the Motion to Reopen and the proposed scheduling report.

33. For the reasons stated above, Triad respectfully requests that this Court consider its Opposition to Plaintiff's Motion to Reopen. Plaintiff has failed to present a good-faith, justifiable

8

reason for setting aside, under Fed. R. Civ. P. 60(b)(1), the November 15th Order dismissing the case without prejudice. Furthermore, Plaintiff did not timely request an enlargement of time and has not demonstrated sufficient good cause or excusable neglect to warrant an extension of the Court's imposed deadline of November 14, 2024. (*See* Court's ORDER ECF No. 34).

## MEMORANDUM OF LAW

Even though a plaintiff may seek relief from an order dismissing an action, the plaintiff must set forth good grounds for its inadvertence or excusable neglect. Fed. R. Civ. P. 60(b); *Thorn v. Harrisburg Tr. Co.*, 330 F.2d 3, 4 (3d Cir. 1964); *see also United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994) (holding that relief under Rule 60(b) may only be granted under "extraordinary circumstances") (citing *Ackermann v. United States*, 340 U.S. 193, 199-202 (1950)). Numerous district courts within the Eleventh Judicial Circuit have held that "an attorney's negligence alone" does not warrant relief under Rule 60(b)(1). *See Lender v. Unum Life Ins. Co. of Am., Inc.,* 519 F.Supp.2d 1217, 1223 (M.D.Fla.2007). The Court's analysis under Fed. R. Civ. P. 60(b)(1) "[…] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission, which include the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id*." *Breaux v. NCL (Bahamas) Ltd.,* No. 20-CV-21226-UU, 2020 WL 10223205, at 2 (S.D. Fla. June 24, 2020)(citing *Conner v. Sammy's Gentlemen's Club*, 739 F. App'x 973, 975 (11th Cir. 2018)).

Our courts have consistently emphasized the importance of adhering to procedural rules to promote judicial efficiency and ensure fairness in the administration of justice. For example, S.D. Fla. Local Rule 16.1(b)(3) requires parties to prepare a proposed scheduling report, and its accompanying proposed order, to ensure prompt and swift prosecution of lawsuits. In this instance,

the Court's ORDER explicitly directed the parties to include the proposed scheduling report with a motion to reopen the case. Additionally, S.D. Fla. Local Rules 16.1(b)(6) and 16.1(l) reinforce the obligation of parties to comply with pretrial orders and the requirements of the Local Rules. These provisions clearly state the consequences of noncompliance, including potential penalties. Specifically, S.F. Fla. Local Rule 16.1(l) warns that a party's failure to adhere to the Local Rules or court orders may result in penalties such as dismissal of the case, striking of defenses, or entry of judgment.

Similarly, Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." According to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action without prejudice if a plaintiff has failed to comply with a court order. *Perry v. Zinn Petroleum Companies, LLC*, 496 Fed. App'x 981, 983 (11th Cir. 2012). While this is an extraordinary remedy, it is not an abuse of discretion if the plaintiff has been forewarned. *Id.* (citing *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989)). Courts also have the inherent authority to dismiss lawsuits on their own, under Fed. R. Civ. P. 16(f), as a sanction, when lawyers or parties conduct cause unreasonable delays or interfere with the expeditious management of trial preparation, such as failing to obey a scheduling or other pretrial order. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) and Fed. R. Civ. P. 16(f)(C).

Lastly, Federal Rule of Civil Procedure 6(b) states that when an act must be taken "within a specified time, a court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." *See* Fed. R. Civ. P. 6(b). In this case, Plaintiff failed to timely request an extension of the deadline, imposed by the Court's ORDER, and its actions do not constitute excusable neglect.

# LEGAL ARGUMENT AND ANALYSIS

The Court's ORDER administratively closing the cases specifically stated as follows:

> 1. The above-styled action is administratively **CLOSED** without prejudice to the parties to conduct further mediation, engage in additional document review, and file a stipulation for dismissal within **ninety (90) days** of the date of this Order.
>
> 2. If the parties fail to reach a settlement, after completing the outstanding discovery, either party may request the Court to reopen the case; any such motion must be accompanied by a proposed joint scheduling report.

In the present case, the Plaintiff failed to take action before the court-imposed deadline of Thursday, November 14, 2024. Plaintiff participated in multiple conferrals with Triad's counsel and was fully aware of the Court's directive requiring the filing of a Motion to Reopen, along with a proposed joint scheduling order, by that same deadline. However, Plaintiff neither filed a motion for an enlargement of time nor sought leave to file the Motion to Reopen after the deadline had passed. Consequently, the Plaintiff's actions fail to provide sufficient grounds to justify an extension for an untimely filing of the Motion to Reopen, particularly under the theory of alleged excusable neglect.

In addition to being untimely, the Plaintiff's Motion to Reopen[13] should also be struck for failing to comply with the Court's ORDER and the pre-filing conference required under S.D. Fla. Local Rule 7.1(a)(2). As to its failure to comply with the Court's ORDER, Plaintiff did not include the required joint proposed scheduling order, which should have been attached to the Motion to Reopen. Furthermore, the Plaintiff's Motion to Reopen fails to meet the certification of conferral

---

[13] *See* ECF No. 45 (Plaintiff's Motion to Reopen)

requirements as outlined in S.D. Local Rule 7.1(a)(2). Plaintiff neither sought to resolve the issues raised in its Motion to Reopen nor made reasonable efforts to confer with Triad's counsel, despite being aware since October 2024 of Triad's ongoing efforts to reach an agreement on a proposed joint Scheduling report to be attached to a Motion to Reopen, as directed by the Court's ORDER.

Aside from these procedural deficiencies, the Plaintiff's Motion to Reopen does not adequately present a valid excuse to set aside the Court's Nov. 15th Order.[14] **For a plaintiff to seek relief from a court order dismissing an action, they must demonstrate good cause for any inadvertence or excusable neglect.** *See Thorn v. St. Paul Fire & Marine Insurance Co.*, 330 F.2d 4 (5th Cir. 1964). In *Great American Insurance Co. of New York v. Superior Landscaping & Lawn Services, Inc.*, this Court denied a motion to reopen after a case was dismissed for failing to file a joint proposed scheduling order by the deadline. No. 20-23577-CIV, 2021 WL 7500318, at 1 (S.D. Fla. Jan. 21, 2021). In that case, the plaintiff's counsel argued that an email error in one of its *pro hac vice* motion, prevented the receipt of electronic notices, but the Court found this explanation insufficient to set aside a dismissal under Rule 60(b)(1), reasoning that the plaintiff's local counsel had been aware of the deadline when they filed the notice of appearance. Accordingly, the Court denied the motion to reopen. *Id.*, at 2.

The district courts within this Circuit have consistently held that "an attorney's negligence alone" does not warrant relief under Rule 60(b)(1). See *Lender v. Unum Life Ins. Co. of Am., Inc.*, 519 F. Supp. 2d 1217, 1223 (M.D. Fla. 2007). The Court's analysis under Fed. R. Civ. P. 60(b)(1) must consider various factors surrounding a party's failure to act or comply with a court order, including, but not limited to: the length of the delay, the reason for the omission or noncompliance, whether the delay was within the reasonable control of the movant, and whether the movant acted

---

[14] *See* ECF No. 44.

in good faith. See *Breaux v. NCL (Bahamas) Ltd.*, No. 20-CV-21226-UU, 2020 WL 10223205, at 2 (S.D. Fla. June 24, 2020) (citing *Conner v. Sammy's Gentlemen's Club*, 739 F. App'x 973, 975 (11th Cir. 2018)).

In this case, the Plaintiff had at least 69 days to file a motion to reopen the case, with an attached proposed scheduling order, after declaring an impasse in settlement negotiations. However, when Triad notified its intention to reopen the case and shared a copy of a motion to reopen with a proposed scheduling report, Plaintiff decided it was "premature to do so,"[15] demonstrating full control and knowledge of the November 14, 2024, deadline. Despite this, Plaintiff failed to comply with the court's ORDER. Furthermore, Triad maintains that the Court should not consider Plaintiff's Motion to Reopen because it was filed untimely, without leave of the Court, and after the case had already been dismissed for lack of prosecution and failure to comply with the court's orders. As mentioned above, Plaintiff was aware of the deadline imposed by the Court, however, it consciously failed to request an enlargement of time. In addition, the Plaintiff's Motion to Reopen also failed to comply with the Court's ORDER requiring a motion to reopen to be filed with an attached proposed scheduling report and the certificate of conferral requirements imposed by S.D. Local Rule 7.1(a)(2), and should therefore be stricken under Fed. R. Civ. P. 16(f) or 40, and/or S.D. Local Rules 16.1(b)(6),16.1(l) or 7.1(a)(2).

Lastly, this Court should adopt a similar approach to that taken in *Great American* and conclude that Plaintiff's failure to meet the court-imposed deadline was neither inadvertent nor the result of excusable neglect. The Plaintiff was fully aware of the November 14, 2024, deadline yet made no effort to comply or request an extension. Triad's repeated but unanswered attempts to address the Court's ORDER concerning the motion to reopen and a joint scheduling report, as

---

[15] *See* ¶ 17 above and Composite Exhibit B.

evidenced by the attached exhibits, further underscore this failure. The Plaintiff's inaction was not inadvertent but rather the result of inexcusable neglect. Plaintiff's counsel consciously chose not to file a motion to reopen or for enlargement of time on time, or at least for 69 days after it declared an impasse on the settlement negotiations, even while attending discovery hearings and pursuing third-party subpoenas. This mirrors the situation in *Great American*, where the plaintiff's counsel, despite being properly notified of the deadline, unsuccessfully claimed excusable neglect under Fed. R. Civ. P. 60(b)(1). Accordingly, the same reasoning should apply here.

Therefore, this Court should deny the Plaintiff's Motion to Reopen, as the Plaintiff has failed to establish any valid grounds for inadvertence or excusable neglect as required by Fed. R. Civ. P. 60(b)(1). Plaintiff's deliberate noncompliance with the Court's ORDER, which established November 14, 2024, as the deadline to file a Motion to Reopen along with a proposed scheduling report, combined with its inexcusable neglect in failing to seek an extension of the court-imposed deadline, compels the denial of Plaintiff's Motion to Reopen.

**WHEREFORE**, Defendant, Triad Aero Sales Corp., respectfully requests that this Court consider its Opposition to *Plaintiff's Motion to Reopen the Case*, deny Plaintiff's Motion to Reopen the Case and all associated reliefs sought by Plaintiff, and, per the relevant rules, dismiss this case for Plaintiff's failure to prosecute or non-compliance with the Court's ORDER. Defendant further requests any additional relief that this Court deems just and proper.

Respectfully submitted,

**TREMBLY LAW FIRM**
*Counsel for Triad Aero Sales, Corp.*
9700 S. Dixie Highway
Penthouse 1100
Miami, Florida 33156
Telephone: (305) 431-5678
E-Mail: arturo@tremblylaw.com
E-Mail: arivera@tremblylaw.com
E-Mail: service@tremblylaw.com

By: /s/ Ana C. Rivera Rios<br>
**ANA C. RIVERA RIOS**<br>
Florida Bar No. 1039674<br>
**ARTURO L. ARCA**<br>
Florida Bar No. 63354

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 3, 2024, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record. I also hereby certify that the document is being served this day, via transmission of Notices of Electronic Filing generated by CM/ECF.

**Buffey E. Klein, Esquire**
Husch Blackwell, LLP
1900 N. Pearl Street, Suite 1800
Dallas, TX 75201
buffey.klein@huschblackwell.com
buffey-klein-8494@ecf.pacerpro.com
karen.massey@huschblackwell.com
tanya.adams@huschblackwell.com
Cody.White@huschblackwell.com

**Richard A. Illmer, Esquire**
Husch Blackwell
1900 N. Pearl Street, Suite 1800
Dallas, TX 75201
rick.illmer@huschblackwell.com

/s/ Ana C. Rivera Rios<br>
**ANA C. RIVERA RIOS**