UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:23-cv-24259

AMERISTAR AIR CARGO, INC., a
foreign corporation,

    *Plaintiff*,

v.

TRIAD AERO SALES, CORP., a Florida
Profit Corporation,

    *Defendant*.
_____/

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendant, TRIAD AERO SALES, CORP., by and through undersigned counsel, opposes Plaintiff's Motion for Leave to File a Second Amended Complaint [ECF No. 58]. Plaintiff's Motion is yet another improper litigation tactic that should not be tolerated by this Court. It misrepresents the facts, and this untimely Motion causes undue delay, undermines judicial efficiency, increases unnecessary costs, and greatly prejudices Defendant, all while being futile. Plaintiff seeks leave under Federal Rule of Civil Procedure 15 to amend its complaint, in an attempt to cure legal deficiencies that were or could have been known by Plaintiff at the time it filed this lawsuit, or at a minimum, for the past year. For these reasons, including but not limited to the unjustified and prejudicial delay, and because Plaintiff's Motion is being requested long after the deadline to file motions to amend pleadings passed, Plaintiff's Motion for Leave to File a Second Amended Complaint should be denied.

## I.     <u>STANDARD ON MOTION TO AMEND COMPLAINT</u>

The decision to grant or deny leave to amend a complaint lies within the sound discretion of the district court. <u>See</u> *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Supreme Court has held that Rule 15 of the Federal Rules of Civil Procedure state that leave to amend should be "freely given when justice so requires," **unless** there has been undue delay in bringing the proposed amendment, or the movant acted in bad faith, with dilatory motive, undue prejudice to the opposing party, or futility of the proposed amendment**.** <u>See</u> *Burge r King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999); *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008). Courts have routinely denied motions to amend where the movant fails to justify delays, or where the proposed amendment lacks merit. In *Donahay v. Palm Beach Tours & Transp., Inc.,* 243 F.R.D. 697, 699 (S.D. Fla. 2007) the Southern District Court of Florida **denied leave to amend** due to **undue delay**, because the **facts should have been known from the outset of the case,** and it would have caused potential prejudice to the opposing party.

When a deadline to amend a pleading has passed, Rule 16(b)(4) applies, and not Rule 15. In the present case, because Plaintiff's request comes more than one (1) year after the deadline to amend pleadings, Federal Rule of Civil Procedure 16 would be the governing rule when analyzing Plaintiff's Motion for Leave. Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." *Sosa v. Airprint Sys.,* Inc., 133 F.3d 1417, 1418 n.2 (11th Cir. 1998).

> [G]ood cause exists when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed**."** *Altenel, Inc. v. Millennium Partners, LLC*, No. 11-CV-22806, 2014 WL 1186071 at *12 (S.D. Fla. June 5, 2014) *Altenel, Inc. v. Millennium Partners, LLC*, No. 11-CV-22806, 2014 WL 1186071 at *12 (S.D. Fla. June 5, 2014) 12 (internal quotations and citations omitted).

*Sung Hee Joo v. Univ. of Miami*, 389 F. Supp. 3d 1107, 1108 (S.D. Fla. 2019)

2

## II. NO GOOD CAUSE EXISTS FOR PLAINTIFF'S UNTIMELY SECOND AMENDMENT TO THE COMPLAINT, UNDER RULE 16(b)(4)

### A. Plaintiff's Delay Was Avoidable and No Good Cause Justification Exists for the Delay

The court records show that Plaintiff's Complaint was filed in this Court on November 7, 2023,[1] after Plaintiff had previously filed a complaint in Texas against Defendant for the same set of facts, which ultimately was dismissed by the Court. In complete disregard to this Court's Scheduling Order [ECF No. 16], establishing **February 20, 2024,** as the deadline to amend pleading, Plaintiff has improperly filed its Motion for Leave to Amend prejudicially late and never timely sought an extension of that deadline. This marks its second attempt to amend the complaint to try to untimely correct and/or manipulate facts that should have been known **from the outset of the case, as these are facts and information that would be in custody and possession of Plaintiff only.**

Plaintiff attempts to downplay the significance of its proposed amendment by claiming it merely seeks to modify the quantity and/or identification numbers of the DC-9 Series 15 ("**DC9**") aircraft at issue[2] "to conform the pleadings to the evidence"[3]. In reality, however, Plaintiff is also seeking to alter a key representation it has maintained throughout the discovery process, including in its judicial statements made to Honorable Magistrate Judge Reid during a discovery hearing, one that it has now contradicted and **disclosed for the first time** on the afternoon of the **final day of discovery**.

First, it's important to note that Plaintiff operates DC9 aircraft for cargo services requiring periodic landing gear overhauls or exchanges, information that has always been within its custody,

---

[1] ECF No. 1
[2] ECF No. 58 at ¶6.
[3] ECF No. 58 at Summary of argument Paragraph at Page 1.

3

control, and possession. The specific number and DC9 identification numbers coming due for a landing gear overhaul or exchange, is information that was known or should have been known before Plaintiff initiated this lawsuit against Defendant. At the very least, Plaintiff's counsel was on notice of these facts no later than August 6, 2024, when Ameristar's Corporate Representative, Ms. Stacey Muth, testified during her deposition. She stated that one aircraft, either N784TW or N785TW, was due for an overhaul or outright exchange of its nose assembly gear, while another required an overhaul or exchange of its left- and right-hand landing gear. (add citation to transcript)

Despite this, Plaintiff has waited until the last possible moment to amend its claims. Although it asserts in its Motion for Leave that this information does not come as a surprise to Defendant, it deliberately misstates that Defendant is not unduly prejudiced, claiming these facts do not impact Defendant unfairly. In reality, they very much do. Throughout the discovery process, Ameristar's corporate representative testified that both aircraft had been in continuous operation, and not idle, contrary to what Plaintiff alleged in its proposed Amended Complaint. <u>See</u> ECF No. 6 at. ¶¶ 6, 16 and 26. This testimony was further corroborated by former Ameristar employee Mr. Richard Cole during his September 10, 2024, deposition. [add citation to transcript] Mr. Cole, who managed the purchase order at issue, confirmed that Ameristar had submitted extensions to the FAA, prolonging the operational life of its landing gear before filing this lawsuit. [add citation to transcript] The corporate records, always in Plaintiff's possession, and disclosed during discovery, are the very same ones Plaintiff now relies on in its Motion for Leave to Amend (*see* ¶¶ 7–8) as justification for altering its claims.

Plaintiff's assertion that the amendment merely "conforms the pleadings to the evidence" is misleading.[4] The facts it seeks to revise were always within its knowledge and records, yet it has

---

[4] ECF No. 58 at page 1, and ¶ 13 and 14

4

waited more than a year, or at the very least, more than seven months to file this motion. This delay is not only untimely and lacking "good cause" for amendment at this late state of litigation but also unfairly prejudicial to Defendant. Furthermore, Plaintiff is attempting to correct a prior misrepresentation made throughout the depositions and to the Honorable Magistrate Judge Reid at the Nov. 13, 2024, discovery hearing.

For these reasons, and for the additional facts and arguments outlined below, Plaintiff's Motion for Leave to Amend should be denied. The proposed amendments rely on facts that were, or should have been, known before filing this lawsuit, prior to the deadline for amending pleadings, or could have been discovered with the simplest of due diligence. See *Valpak Direct Mktg. Sys., Inc. v. Maschino*, 349 Fed. Appx. 368, 370–71 (11th Cir. 2009) (denying leave to amend where the underlying facts were known or could have been discovered before the deadline); *Kendall v. Thaxton Road LLC*, 443 Fed. Appx. 388, 393 (11th Cir. 2011) (finding no good cause for an untimely amendment when the facts were known at the time of the initial complaint).

Similarly, in *Sung Hee Joo v. Univ. of Miami*, 389 F. Supp. 3d 1107, 1108 (S.D. Fla. 2019), the court held that a lack of diligence does not constitute good cause. There, the court denied the plaintiff's motion for leave to amend at a late stage of litigation, finding the amendment both unduly delayed and prejudiced the defendant if allowed. The court cited *Stephens v. Georgia Dep't of Transp.*, 134 Fed. Appx. 320, 322 (11th Cir. 2005), where the Eleventh Circuit affirmed the denial of a motion to amend that was filed over six months after the scheduling order deadline. The court found that the plaintiff's justification (discovering a new theory through additional research) was insufficient to establish good cause.

The *Sung Hee Joo* court also referenced *Andrx Pharmaceuticals, Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1236 (11th Cir. 2005), where the Eleventh Circuit affirmed denial of leave to amend

5

because the plaintiff unduly delayed filing the motion and attempted to introduce a new theory of recovery to avoid an impending dispositive motion. Likewise, courts have consistently held that it is not an abuse of discretion to deny a motion to amend when it is filed years after litigation begins and after the close of discovery. *See* Wells v. Gen. Dynamics Info. Tech. Inc.*, 571 F. App'x 732, 734–35 (11th Cir. 2014). Delay has also been found undue when a motion for leave was filed thirty months after the initial complaint and weeks before trial. *See* Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1154 (5th Cir. 1981); *Hester v. Int'l Union of Operating Engineers*, 941 F.2d 1574, 1578–79 (11th Cir. 1991).

Here, discovery has already closed, and trial is only weeks away, having already been continued or extended by this Court. Additionally, Defendant is in the final stages of preparing a Motion for Summary Judgment and Motion to Exclude, which it intends to file before the Court's deadline for dispositive motions currently set for March 14, 2025. Granting Plaintiff's motion at this stage would be highly prejudicial and contrary to established precedent.

### B. Prejudice to Defendant

It is undisputed that both Plaintiff's corporate representative and Plaintiff's former employee testified in their depositions that the aircraft at issue in this lawsuit were always in operation and never sitting idle, contrary to the claims made in Plaintiff's Amended Complaint [ECF No. 6]. Furthermore, during the evidentiary hearing before Magistrate Judge Reid on November 13, 2024, Plaintiff's counsel stated that it would stipulate that both aircraft, N784TW and N785TW, were continuously operating to avoid a subsequent hearing on a motion to compel responses to Defendant's second set of discovery request. *See* **EXHIBIT A**, for a true and correct copy of the Discovery Hearing held on Nov. 13, 2024, specifically plaintiff's counsel statements made in pages 28-30 and 32-34.

Despite this, Plaintiff now seeks to amend its claims based on facts that were disclosed to Defendant **for the first time on the last day of discovery, February 21, 2025**, as shown in the attached email communication sent by Plaintiff's counsel. *See* **EXHIBIT B**. In addition, the lost profit and loss of use reports it now claims to form part of its amended complaint, were served upon Defendant for the first time on the last day of discovery, February 21, 2025, at approximately 6:40 pm EDT, as evidenced in the attached email. *See* **COMPOSITE EXHIBIT C**. In addition, Plaintiff has improperly attempted to serve Defendant with an amended Rule 26, Plaintiff's Disclosure of Expert Testimony and related reports and information, past Court imposed deadline to do so, July 8, 2024, deadline [ECF No. 16]. Specifically, on Feb. 21, 2025 (*see* COMPOSITE EXHIBIT C) Plaintiff added additional information never disclosed before in the Rule 26 Disclosure served on Defendant on July 29, 2024.[5] Furthermore, Plaintiff served Defendant with an untimely Amended Rule 26 Expert Testimony Disclosure on Feb. 24, 2025, adding Stacey Muth for the first time in its Rule 26 Disclosure, after Defendant conducted her deposition as Corporate Representative for Ameristar on August 6, 2024. *See* **COMPOSITE EXHIBIT E** for a true and correct copy of the service email and Plaintiff's Amended Disclosure of Expert Testimony served February 24, 2025. The Court's Order [ECF No. 56] previously amended the remaining deadlines set forth in the Scheduling Order [ECF No. 16], requiring that all discovery be completed by February 21, 2025, however, ECF No. 56, did not extend the remaining deadlines related to expert disclosure and reports, already established in ECF No. 16, specifically the July 8, 2024, deadline for the parties to exchange expert witness summaries or report. These summaries and reports on

---

[5] A true and correct copy of Plaintiff's July 29, 2024 Rule 26 Disclosure of Expert Testimony and Plaintiff's Feb. 21, 2025 disclosure adding additional information never disclosed prior to the July 8th, 2025 deadline, is attached hereto as **COMPOSITE EXHIBIT D**.

7

loss of use and/or lost profit were first served on Defendant on the last day of discovery, at approximately 6:40 pm EDT, as evidence in EXHIBIT B.

If Plaintiff's Motion for Leave is granted, it would not only fail to meet the "good cause" and timeliness requirements but would also be highly prejudicial to Defendant, as it constitutes a surprise to Defendant of new evidence and information that was withheld from Defendant until the last day of discovery. In addition, this Motion for Leave, if granted, would also be highly prejudicial to Defendant as it's currently in the final stages of preparing a Motion for Summary Judgment and a Motion to Exclude, both of which are due by the March 14, 2025, deadline [ECF No. 56].

Although Plaintiff asserts that its amendment and newly disclosed facts do not come as a surprise to Defendant,[6] they, in fact, do. The revelation of these facts on the very last day of discovery constitutes an unfair surprise and a misrepresentation, as Plaintiff has withheld this information throughout the discovery process. Notably, Plaintiff admits in its Motion for Leave that its claimed consequential damages ("lost profits") did not begin accruing until October 31, 2024 (359 days after the inception of this case, thus no damages at the time of filing), when the aircraft allegedly became grounded for the first time. *See* ECF No. 58 at ¶¶ 6, 9, and 13. However, it has misrepresented this information at the Discovery Hearing held on Nov. 13, 2024, and has also withheld this information from the Defendant, until the last day of discovery, as evidence in Exhibits A and B.

Plaintiff's delay in bringing this proposed amendment is unjustified and constitutes undue delay, bad faith, or a dilatory motive, all of which weigh against granting leave to amend. See *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999); *Reese v. Herbert*, 527 F.3d

---

[6] ECF No. 58 at ¶10.

1253, 1263 (11th Cir. 2008). Plaintiff has consistently maintained, throughout discovery and deposition statements, including its corporate representative's deposition on August 6, 2024, and the deposition of Ameristar's former employee, who was directly involved in the purchase order at issue, that the aircraft were always operational. Plaintiff also made these representations to the Court on November 13, 2024. For these reasons, Plaintiff's assertion in its Motion for Leave to Amend that these facts and amendments do not constitute a surprise is incorrect.[7] They do, in fact, present an unfair surprise and would be highly prejudicial to Defendant. Accordingly, Plaintiff's Motion for Leave to Amend should be denied

### III.   CONCLUSION

As discussed above, granting Plaintiff's Motion for Leave to Amend at this late stage would impose significant burdens on Defendant, requiring additional resources for discovery, motions, and trial preparation. Even under Rule 15, Leave to Amend should be denied, as allowing an amendment at this late stage of litigation would not only be unduly delayed, but it will also cause prejudice to Defendant and the amendment would be futile, in any event. Here, the already extended discovery deadline has already passed [ECF No. 56] and trial is only weeks away, moreover, the information Plaintiff is attempting to amend is information connected to loss of use/lost of profit reports and experts that were untimely disclosed as mentioned above. *See Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007). Moreover, Plaintiff's request comes more than a year after the Court's deadline for amending pleadings [ECF No. 16], demonstrating a lack of diligence that weighs heavily against granting leave. *See Laurie v. Ala. Ct. of Crim. App.*, 256 F.3d 1266, 1274 (11th Cir. 2001).

---

[7] ECF No. 58 at ¶10.

Furthermore, amendments that fail to state a claim or are subject to dismissal should not be permitted, as granting leave in such cases would be futile. See *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1326–27 (11th Cir. 2001). Here, Plaintiff's proposed amendment seeks to introduce facts that were known or should have been known long before this motion was filed. Allowing such an amendment would not only prejudice Defendant but also undermine the judicial economy and procedural integrity of this litigation. For these reasons, Plaintiff has failed to show good cause, as required by Rule 16, and Plaintiff's unjustified delay, coupled with the prejudice to Defendant and the likely futility of the amendment, compels denial of its motion under both Rule 15 and 16 standards. Accordingly, Plaintiff's Motion for Leave to File a Second Amended Complaint should be denied.

Respectfully submitted,

**TREMBLY LAW FIRM**
*Counsel for Defendant*
9700 S. Dixie Highway, Penthouse 1100
Miami, Florida 33156
Telephone: (305) 431-5678
E-Mail: arturo@tremblylaw.com
E-Mail: arivera@tremblylaw.com
E-Mail: service@tremblylaw.com

By: */s/ Ana C. Rivera Rios*
    **ANA C. RIVERA RIOS**
    Florida Bar No. 1039674
    **ARTURO L. ARCA**
    Florida Bar No. 63354

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 7, 2025, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record. I also hereby certify that the document is being served this day via transmission of Notices of Electronic Filing generated by CM/ECF.

**Buffey E. Klein, Esquire**
Husch Blackwell, LLP
1900 N. Pearl Street, Suite 1800
Dallas, TX 75201
buffey.klein@huschblackwell.com
buffey-klein-8494@ecf.pacerpro.com
karen.massey@huschblackwell.com
tanya.adams@huschblackwell.com
Cody.White@huschblackwell.com

**Richard A. Illmer, Esquire**
Husch Blackwell
1900 N. Pearl Street, Suite 1800
Dallas, TX 75201
rick.illmer@huschblackwell.com

*/s/ Ana C. Rivera Rios*
**ANA C. RIVERA RIOS**